IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAMEON STUBBS, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| WARDEN SAM ZANDERS, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-3236-WSD-RGV |

**FINAL REPORT AND RECOMMENDATION**

Petitioner Dameon Stubbs, an inmate at the Dodge State Prison in Chester, Georgia, has filed this amended 28 U.S.C. § 2254 petition to challenge his September 25, 2008, convictions in the Superior Court of Cobb County. This matter is currently before the Court on the amended petition, [Doc. 5], and respondent's motion to dismiss the petition as untimely and/or for lack of exhaustion, [Doc. 10]. Because petitioner has not responded to the motion to dismiss, it is deemed unopposed. See LR 7.1B, NDGa. For the reasons that follow, it is **RECOMMENDED** that respondent's motion to dismiss, [Doc. 10], be **GRANTED** and that this action be **DISMISSED** as time barred.

**I. PROCEDURAL HISTORY**

A Cobb County grand jury indicted petitioner for two counts of armed robbery, two counts of possession of a firearm during the commission of a crime, two counts of aggravated assault, one count of highjacking a motor vehicle, one count of fleeing

AO 72A
(Rev.8/82)

or attempting to elude a police officer, and one count of possession of a firearm by a convicted felon. [Doc. 11-1 at 3-8]. Petitioner pleaded guilty to the two counts of armed robbery, hijacking a motor vehicle, and possession of a firearm by a convicted felon. [Id. at 41-42]. The remaining counts were dismissed, and the Superior Court of Cobb County imposed a total sentence of eighteen years of imprisonment. [Id. at 41-43].

Petitioner timely filed a motion to withdraw his guilty plea, [id. at 55-56], which the trial court denied, [id. at 76-77]. Petitioner appealed, arguing that his plea was not voluntarily, knowingly, or intelligently made and that the court erred by not inquiring whether petitioner wished to waive his constitutional right to counsel. [Id. at 79-80; Doc. 1-1]. The Georgia Court of Appeals affirmed the trial court's judgment on October 14, 2011. [Doc. 11-2 at 43]. Petitioner did not pursue further direct review or file a state habeas corpus petition.

Petitioner filed this action on September 5, 2015.[1] [Doc. 1 at 3]. As grounds for relief, petitioner argues that he was coerced to plead guilty due to ineffective assistance of counsel, his due process and equal protection rights were violated due to bias,

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

2

prejudice, and the trial court's abuse of authority, and he received ineffective assistance of counsel . [Doc. 5 at 5-6]. Respondent moves to dismiss the petition as untimely or, alternatively, for lack of exhaustion. [Doc. 10-1 at 2-8].

## II.  DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) above apply. Thus, the one-year limitations period began to run on October 24, 2011, when the ten-day period for filing a notice of intent to seek certiorari in the Georgia Supreme Court expired. See Gonzalez v. Thaler, 132

3

S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (holding that when a Georgia prisoner does not seek review in the Georgia Supreme Court, his conviction becomes final when the ten-day period for doing so expires); Ga. S. Ct. R. 38(1) (providing ten-day period for seeking certiorari review in the Georgia Supreme Court). Accordingly, absent tolling, petitioner had until October 24, 2012, to file this § 2254 petition.

Although statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), petitioner has not sought collateral review in state court. Additionally, petitioner does not contend that he is actually innocent. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action.).

In his amended petition, petitioner asserts that has no "experience with law" and that his attorney did not inform him of his habeas corpus rights or of the one-year limitation period. [Doc. 5 at 8]. The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing

4

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citation omitted). Petitioner's "ignorance of the law is insufficient rationale for equitable tolling." Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (per curiam) (citation omitted); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Furthermore, the record reflects that petitioner was informed of his state habeas corpus rights. [Doc. 11-1 at 47]. Accordingly, petitioner has not met his burden to show that equitable tolling is warranted, and this § 2254 petition, which petitioner filed on September 5, 2015, is untimely by nearly three years.[2]

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules

---

[2] In light of this conclusion, the undersigned does not address respondent's alternative argument for dismissal, i.e., that petitioner's claims are unexhausted.

5

Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484).  Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

6

## IV.  CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that respondent's motion to dismiss, [Doc. 10], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 5th day of January, 2016.


_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE