IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAMEON STUBBS,

        Petitioner,

v.

SAM ZANDERS,

        Respondent.

1:15-cv-3236-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [12] ("R&R"). The R&R recommends the Court grant Respondent Sam Zanders's ("Respondent") Motion to Dismiss [10] Petitioner Dameon Stubbs's ("Petitioner") petition for writ of habeas corpus [1] ("Habeas Petition").

I.  **BACKGROUND**

On June 26, 2008, a Cobb County grand jury indicted Petitioner on two counts of armed robbery, two counts of possession of a firearm during the commission of a crime, two counts of aggravated assault, one count of hijacking a motor vehicle, one count of fleeing or attempting to elude a police officer, and one count of possession of a firearm by a convicted felon. ([11.1] at 3-8). Petitioner

pleaded guilty to the two counts of armed robbery, hijacking a motor vehicle, and possession of a firearm by a convicted felon. (Id. at 41-42). The remaining counts were dismissed, and the Superior Court of Cobb County imposed a total sentence of eighteen years of imprisonment. (Id. at 41-43).

Petitioner timely filed a motion to withdraw his guilty plea, (id. at 55-56), which the trial court denied, (id. at 76-77). Petitioner appealed, arguing that his plea was not voluntarily, knowingly, or intelligently made, and that the court erred by not inquiring whether Petitioner wished to waive his constitutional right to counsel. (Id. at 79-80; [1.1]). On October 14, 2011, the Georgia Court of Appeals affirmed the trial court's judgment. ([11.2] at 43). Petitioner did not pursue further direct review or file a state habeas corpus petition.

On September 5, 2015,[1] Petitioner filed his Habeas Petition. Petitioner argues that (i) he was coerced to plead guilty due to ineffective assistance of counsel; (ii) his due process and equal protection rights were violated due to bias, prejudice, and the trial court's abuse of authority; and (iii) he received ineffective assistance of counsel. ([5] at 5-6). On November 23, 2015, Respondent filed his

---

[1] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

Motion to Dismiss, arguing that Petitioner's Habeas Petition is untimely.

On January 5, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge found that Petitioner's Habeas Petition is untimely, and thus recommended granting Respondent's Motion to Dismiss. Petitioner did not file any objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.  Analysis

A Section 2254 petition is subject to the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of

the dates on which (A) Petitioner's convictions became final; (B) a State impediment to filing Petitioner's federal habeas petition was removed; (C) a constitutional right on which Petitioner relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (D) Petitioner, with due diligence, could have discovered the facts supporting his claims.  See 28 U.S.C. § 2244(d)(1).

The Magistrate Judge noted that, here, Petitioner does not argue that the circumstances set forth in subparagraphs (B) through (D) above apply.  He thus found that, pursuant to subparagraph (A), the one-year limitations period began to run on October 24, 2011, upon the expiration of the ten-day period for filing a notice of intent to seek certiorari in the Georgia Supreme Court.  (R&R at 3).  The Magistrate Judge determined that Petitioner had until October 24, 2012—one year after his convictions became final—to file his Habeas Petition.  Petitioner filed his Habeas Petition on September 5, 2015—nearly three years late.  The Court finds no plain error in this finding.  See Slay, 714 F.2d at 1095.

The Magistrate Judge next found that the statute of limitations was not tolled.  He found that statutory tolling does not apply, because Petitioner did not seek collateral review in state court and he does not contend that he is actually innocent.  He also found that Petitioner's argument that he has no "experience with

law" is not a sufficient rationale for equitable tolling to apply. (R&R at 5). The Magistrate Judge concluded that Petitioner's Habeas Petition is untimely, and recommended the Court grant Respondent's Motion to Dismiss. (Id. at 5, 7). The Court finds no plain error in these findings and recommendation, and Respondent's Motion to Dismiss is granted. See Slay, 714 F.2d at 1095.

Finally, the Magistrate Judge recommended that a Certificate of Appealability ("COA") not be issued. (R&R at 6). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural rulings," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Court agrees with the Magistrate Judge's conclusion that the decisive procedural issue, the one-year statute of limitations, is not debatable, and that a COA should not be issued.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Sam Zanders's Motion to Dismiss [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 9th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE